UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DARWIN ROQUE,

        Petitioner,

- against -

WILLIAM LEE,

        Respondent.
------------------------------------------------------------X

**ORDER**
12-CV-1698 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Petitioner *pro se*, Darwin Roque, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 1.)  By letter filed April 6, 2012, petitioner seeks a stay in order to file a motion pursuant to New York Criminal Procedure Law § 440.10 ("440") regarding allegedly unexhausted claims.  (Doc. No. 4.)  Petitioner also seeks appointment of counsel and to proceed *in forma pauperis*.  (Doc. Nos. 2-3.)  For the reasons that follow, petitioner's request for stay and appointment of counsel are DENIED and his request to proceed *in forma pauperis* is GRANTED.

## DISCUSSION

    Petitioner was convicted in the Queens County Supreme Court of second degree murder and criminal possession of a weapon in the fourth degree on November 15, 2006.  (Doc. No. 1 at 1.)  He was sentenced on February 7, 2007.  (*Id.*)  He appealed his conviction to the Appellate Division, Second Department, which affirmed on June 22, 2010.  (*Id.* at 19; *People v. Roque*, 902 N.Y.S.2d 430 (App. Div. 2d Dep't 2010).)  The New York Court of Appeals denied leave to appeal on November 4, 2010.  (Doc No. 1 at 19; *People v. Roque*, 939 N.E.2d 816 (N.Y. 2010) (Table).)  Petitioner filed for a writ of error *coram nobis* on January 6, 2012, which remained

pending until he, apparently, withdrew it following the filing of this petition. (Doc. No. 1 at 3; Doc. No. 4.) Petitioner filed the present petition on March 30, 2012. (Doc. No. 1.)

Petitioner seeks habeas relief on seven grounds: (1) insufficient evidence to support the verdict; (2) prosecutorial misconduct; (3) that the trial court's jury charge was erroneous; (4) actual innocence; (5) application of an improper standard by the appellate court; (6) that his sentence was excessive; and (7) ineffective assistance of trial counsel.[1] (Doc. No. 1.) From the petition, it appears that that all of the grounds were contained in petitioner's initial direct appeal except for petitioner's fourth ground, actual innocence, and his fifth ground, the application of an improper standard by the appellate court.[2] Presently before the Court are three motions by petitioner. Primarily addressed here, petitioner asks the Court to stay his petition in order to allow him to file a 440 motion raising: (1) sufficiency of the evidence at trial; (4) actual innocence; (5) that the appellate court applied an incorrect standard; and (7) ineffective assistance of trial counsel.[3] (Doc. No. 4.) Petitioner also seeks appointment of counsel for the purposes of his petition before this Court and for leave to proceed *in forma pauperis*. (Doc. Nos. 2-3.)

**I.      Motion for Stay**

The Court may stay a habeas petition to allow for exhaustion of claims in state court if the petitioner can demonstrate that: (1) good cause exists for failing to exhaust the claims previously; (2) the claims are not plainly meritless; and (3) the petitioner did not intentionally engage in dilatory tactics. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); *Chambers v.*

---

[1] Petitioner also references ineffective assistance of appellate counsel. (Doc. No. 1 at 24-25.) However, he does not give any grounds for such allegation and withdrew a pending *coram nobis* application regarding such a claim. (Doc. No. 4.)
[2] Petitioner admits that he raised the alleged appellate court error in his leave to appeal to the New York Court of Appeals, which was denied. (Doc. No. 1 at 10-11.)
[3] Petitioner is somewhat inconsistent on what exactly his 440 motion will contain.

2

*Conway*, No. 09 Civ. 2175(JGK), 2010 WL 1257305, at *1 (S.D.N.Y. Mar. 29, 2010). Because petitioner fails to show good cause or that his proposed 440 motion has any potential merit, his motion for a stay is DENIED.

Petitioner fails to show any cause whatsoever - - let alone good cause - - for his failure to exhaust his state law claims prior to bringing this habeas petition. Each of the grounds for his proposed 440 motion are based on facts that he has known or should have known long before bringing this petition, since they occurred either during his trial - - sufficiency of the evidence, actual innocence and ineffective assistance of counsel - - or before he filed his leave to appeal to the New York Court of Appeals - - appellate court error. Indeed, it appears most of these issues were already exhausted during petitioner's direct appeal. Even petitioner's actual innocence claim, which he asserts is not part of the trial record, is based on an alleged "confession" that his petition demonstrates was discovered and discussed with the state court during trial, "when the defense asked for a copy during trial, the Court denied the request stating that the statement was privy to the parties involved." (Doc. No. 1 at 22.) Because the basis for these claims has always been evident from the state court record, plaintiff cannot show good cause for his alleged failure to exhaust. *See, e.g.*, *Spurgeon v. Lee*, No. 11 Civ. 00600(KAM), 2011 WL 1303315, at *2-3 (E.D.N.Y. Mar. 31, 2011) (staying unexhausted claims involving newly discovered evidence, but finding that petitioner failed to demonstrate good cause on other claims where "the facts underlying [those claims] were known to petitioner at the time of his trial"); *Chambers*, 2010 WL 1257305, at *1 (finding no good cause where claims were based on the "record in the case"). Petitioner has provided this Court with no other basis for a finding of good cause for his failure to exhaust prior to bringing this petition, therefore, a stay is not warranted.

3

Moreover, even assuming petitioner had demonstrated good cause for his failure to exhaust, it appears unlikely that any of his grounds for a proposed 440 motion are meritorious. That is, none of them are properly raised on a 440 motion. Specifically, his sufficiency of the evidence claim, his actual innocence claim and his ineffective assistance of counsel claim appear to be trial record-based claims and a New York "state court judge . . . must dismiss [a 440 motion] if it is based on a record-based claim that could have been raised on direct appeal." *Chambers*, 2010 WL 1257305, at *1 (citing N.Y. Crim. Proc. Law § 440.10(2)(c)); *Zoccoli v. Ercole*, No. 05 Civ. 00351(RRM), 2008 WL 3200194, at *6 (E.D.N.Y. Jul. 26, 2008) (finding that claims not raised on direct appeal, but for which the "factual bases . . . were all apparent on the face of the trial record," are defaulted and may not be raised in a 440 motion).[4]

Similarly, petitioner's remedy for any error by the appellate division is not a 440 motion, but appeal to the New York Court of Appeals, an option he has already exhausted. *People v. Bachert*, 509 N.E.2d 318, 320-21 (N.Y. 1987) ("A motion under [440.10] limits the collateral attack to a judgment and to whether the judgment itself was obtained in violation of the defendant's constitutional rights. . . . Appellate courts do not render judgments of conviction; they only affect them." (citations omitted)); N.Y. Crim. Proc. Law § 450.90(1) (providing appeal of any "adverse or partially adverse order of an intermediate appellate court" to the Court of Appeals). In sum, there is no reason to stay these proceedings to wait for what appears to be a "plainly meritless" 440 motion. *Rhines*, 544 U.S. at 277.

Therefore, petitioner's motion to stay this case is DENIED.

---

[4] To the extent New York state courts might, in some circumstances, consider a free-standing actual innocence claim, federal courts do not. *See Ortiz v. Heath*, No. 10 Civ. 1492(KAM), 2011 WL 1331509, at *13-14 (E.D.N.Y. Apr. 6, 2011) ("A showing of actual innocence, however, serves merely as a gateway to the airing of a petitioner's defaulted constitutional claims and is not itself cognizable in habeas as a free-standing claim." (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993))); *Rodriguez v. Marshall*, No. 07 Civ. 1328, 2011 WL 2650196, at *3-4 (E.D.N.Y. Jun. 29, 2011) (refusing to stay habeas petition to allow for exhaustion of actual innocence claim because a "claim of actual innocence is not itself a constitutional claim" (quotation marks omitted)). There is no reason to stay this petition based on a claim that is not cognizable in federal court.

II.     Motion for Appointment of Counsel

Petitioner has requested that he be appointed counsel. A habeas corpus petitioner does not have a constitutional right to counsel. *Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993). In determining whether to appoint counsel, courts first look at "whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). If that requirement is met, courts consider "the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of legal issues," or any other criteria that would lean in favor of appointing counsel. *Hodge*, 802 F.2d at 61-62. Having considered petitioner's claims and all of the *Hodge* factors, the Court finds that appointment of counsel is not warranted at this time because it appears the petition can be resolved on the written submissions. *See Lawson v. Taylor*, No. 10 Civ. 0477(JS), 2011 WL 839509, at *1 (E.D.N.Y. Mar. 2, 2011) (declining to appoint counsel to a habeas corpus petitioner "because the issues . . . do not appear to require extensive fact investigation and it seems Petitioner's case will likely be resolved on written submissions").

Therefore, petitioner's request for the appointment of counsel is DENIED. This decision is without prejudice to petitioner's ability to re-apply for appointed counsel should circumstances warrant at a later date, and the Court, if appropriate, will revisit whether appointed counsel is warranted when it addresses petitioner's claims on their merits.

## CONCLUSION

For all of the reasons stated above, petitioner's motion to stay (Doc. No. 4) is DENIED. Petitioner's motion for appointment of counsel (Doc. No. 3) is also DENIED without prejudice to renewal or reconsideration at a later date. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED.

It is hereby further ORDERED:

(1) The Attorney General of the State of New York or the District Attorney of Queens County, as attorney for respondent, shall show cause before this Court, by the filing of a return to the petition, why a writ of habeas corpus should not be issued;

(2) Within sixty (60) days of receipt of this Order, respondent shall serve a copy of the return on petitioner herein and file the original thereof with the Court, together with proof of service;

(3) At the time of filing such return, respondent shall electronically file the State Court Record, with no individual attachment to the entry exceeding 5 megabytes. The respondent is also ordered to supply a hard copy of the State Court Record to Chambers which must be clearly marked "Courtesy Copy, original filed via ECF" and indicate the docket number;

(4) If copies of petitioner's and/or the State's briefs are available - - including briefs relating to any appeal or in connection with proceedings involving any other direct or collateral challenge to petitioner's conviction, such as proceedings pursuant to New York Criminal Procedure Law § 440 or on a petition for a writ of error *coram nobis* - - respondent shall electronically file these records at the time of filing such return, with no individual attachment to the entry exceeding 5 megabytes. Respondent is also ordered to supply a hard copy of petitioner's and/or the State's briefs to Chambers which must be clearly marked "Courtesy Copy, original filed via ECF" and indicate the docket number;

(5) Petitioner, within twenty-one (21) days of receipt of a copy of the return, shall file his or her reply, if any, with the Court;

(6) If respondent wishes to file a motion to dismiss the petition on the grounds that it was not timely filed, respondent may delay filing an answer on the merits (and the accompanying record) pending the determination of the motion to dismiss, and the motion may be filed when it is served on petitioner; and

(7) Service of a copy of this Order shall be made by the Clerk of this Court by certified mail, together with a copy of the petition, to the Attorney General of the State of New York, 120 Broadway, New York, New York 10271, and the District Attorney of Queens County, and by mailing a copy of this order to petitioner.

SO ORDERED.

Dated: Brooklyn, New York
       July 11, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge