UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DARWIN ROQUE,

        Petitioner,

   - against -

WILLIAM LEE,

        Respondent.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**
12-CV-1698 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Before the Court are three motions filed by petitioner *pro se*, Darwin Roque. First, in a letter filed July 31, 2012, petitioner urges this Court to reconsider its Order dated July 11, 2012, denying petitioner's requests to appoint counsel and to issue a stay and abeyance. (Doc. No. 8.) Second, petitioner filed a new motion on September 17, 2012, again requesting that the Court appoint counsel to represent him. (Doc. No. 14.) Finally, on November 8, 2012, petitioner moved to vacate the Order dated July 11, 2012. (Doc. No. 17.) For the reasons that follow, these motions are DENIED.

## DISCUSSION

**I.    Appointment of Counsel**

    On July 11, 2012, this Court denied petitioner's first request to appoint counsel after a full consideration of the factors in *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986). (*See* Doc. No. 7 at 5.) The Court did, however, permit petitioner "to re-apply for appointed counsel should circumstances warrant at a later date." (*Id.*) As an initial matter, the Court notes that petitioner has filed two motions seeking the same relief. Both the motion filed July 31, 2012 (Doc. No. 8), and the motion filed September 14, 2012 (Doc. No. 14), request the appointment of counsel. The Court therefore consolidates these motions and considers them below.

As this Court recognized in its original Order, a habeas corpus petitioner has no constitutional right to counsel. *See Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993). Although the Court has discretion to appoint counsel for petitioner pursuant to 28 U.S.C. § 1915(e)(1), *see In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984), appointment of counsel is not warranted as petitioner has again failed to demonstrate the requisite need and merit of his claims. *See, e.g.*, *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994). Petitioner has failed to adduce any additional facts, circumstances, legal authority sufficient to justify the appointment of counsel. Moreover, the Court notes that the Jeffrey Deskovic Foundation for Justice is currently performing an investigation on petitioner's behalf. (*See* Doc. No. 8 at 2.) As such, the Court sees no reason to depart from its prior decision and declines to appoint counsel for petitioner.

## II.     Stay and Abeyance

Petitioner also asks the Court to revisit the portion of its Order declining to grant a stay and abeyance to allow petitioner to pursue additional claims in state court. Again, petitioner has filed two motions seeking identical relief.[1] (*See* Doc. Nos. 8, 17.) First, petitioner seeks additional time for the Jeffrey Deskovic Foundation for Justice to investigate his case and determine whether it will represent him. Second, petitioner offers new arguments in support of his claim for ineffective assistance of trial counsel.[2] Finally, petitioner presents new grounds for his claim for ineffective assistance of appellate counsel.[3]

---

[1] As a technical matter, the motion filed November 8, 2012 (Doc. No. 17), was ostensibly filed pursuant to Fed. R. Civ. Pro. 60(b), while the motion filed July 31, 2012 (Doc. No. 8), seeks "reconsideration in . . . assigning counsel." (Doc. No. 8 at 13.) Assuming that Rule 60 was the proper vehicle for such a motion, petitioner fails to make a showing sufficient to grant relief. *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011). In light of petitioner's *pro se* status, however, the Court reads these motions liberally to raise the strongest arguments they suggest. *See Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009). Accordingly, the Court construes both motions as successive requests pursuant to the leave to re-apply granted in the Order of July 11, 2012.

[2] Petitioner's new arguments include trial counsel's alleged failure to (1) communicate various plea offers; (2) include petitioner in an *in camera* meeting with the judge, the prosecutor, and counsel for an individual who

In *Rose v. Lundy*, 455 U.S. 509 (1982), U.S. Supreme Court held that a federal district court may not entertain a habeas petition that contains both exhausted and unexhausted claims.[4] *Id.* at 510. This doctrine is "principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Id.* at 518. For this reason, the Court was quite clear that "'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation . . . .'" *Id.* (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)). The Supreme Court's opinion in *Lundy* "provide[d] a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." 455 U.S. at 520.

"Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts," a federal district court may grant a stay and abeyance only where (1) there was "good cause" for a petitioner's failure to exhaust his claims and (2) the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Moreover, "district courts should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278 (citing *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). "And if a petitioner

---

allegedly confessed to petitioner's crime; (3) conduct a pre-trial investigation of witnesses; (4) advise petitioner about the consequences of waiving certain constitutional rights; (5) request sanctions for destroying evidence; (6) object to allegedly improper testimony; and (7) compare blood and print evidence. (*See* Docs. 8, 17.)

[3] These arguments include appellate counsel's alleged failure to obtain the complete record and to contest (1) the trial court's failure to permit trial counsel to confront a witness about the victim's gang affiliation; (2) petitioner's waiver of his right to a speedy trial; and (3) the failure to charge the grand jury on justification. (*See* Doc. Nos. 8, 19.)

[4] When the Court decided *Lundy*, there was no statute of limitations governing the filing of federal habeas petitions. "As a result, petitioners who returned to state court to exhaust their previously unexhausted claims could come back to federal court to present their perfected petitions with relative ease." *Rhines v. Weber*, 544 U.S. 269, 274 (2005) (citing *Slack v. McDaniel*, 529 U.S. 473, 486 (2000)). This changed with the enactment of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 1996.

engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Id.*

In its previous Order, this Court held that petitioner had failed to show any cause for his failure to exhaust his state law claims. (*See* Doc. No. 7 at 3-4.) This finding was predicated on the recognition that "[e]ach of the grounds for his proposed 440 motion [we]re based on facts that he has known or should have known long before bringing this petition, since they occurred either during his trial . . . or before he filed his leave to appeal to the New York Court of Appeals . . . ." (*Id.* at 3.) Because the basis for petitioner's claims had always been evident from the record, the Court held that petitioner could not show good cause for his failure to exhaust. (*Id.*) The Court again adheres to this reasoning.

Assuming *arguendo* that petitioner's claims are not plainly meritless, petitioner has not provided this Court with any persuasive reason to revisit its earlier ruling. Petitioner urges that "good cause" exists because he has been "learning, studying, and investigating his case with intentions on proving that he is innocent." (Doc. No. 8 at 5.) However, apart from alleging conspiracy on the part of the State and ineffectiveness on the part of his lawyers, petitioner has provided no explanation that excuses his failure to pursue his claims in state court.[5] (*See id.* at 6.) Certainly, petitioner has provided no evidence to contradict the Court's conclusion that all of petitioner's claims were discernible – or should have been discernible – at the time the original petition was filed.

Conversely, it appears that petitioner completely disregarded the requirement that he present each claim in state court before seeking federal review. The petition originally filed on March 3, 2012, is replete with admissions that state review of his claims either was still pending

---

[5] Although petitioner suggests that delays in obtaining necessary materials hindered the filing of his habeas petition, this reason is irrelevant because it fails to explain why petitioner failed to seek relief in state court.

or had not been sought. (*See* (Pet. (Doc. No. 1) at 4-15.) Even if petitioner initially misunderstood the exhaustion requirement, his subsequent actions have further frustrated state review of his claims.[6] On March 29, 2012, petitioner withdrew the writ of error *coram nobis* he filed in the New York State Supreme Court, Appellate Division, on January 6, 2012. (*See* Doc. No. 8. at 3.) Moreover, although petitioner indicated in his petition that a state C.P.L. § 440.10 motion raising other unexhausted claims was "forthcoming" (Pet. at 10), there is no indication that any such motion was ever filed.

In sum, the Court finds that petitioner has failed to demonstrate good cause for his failure to exhaust his claims in state court and again declines to grant a stay.[7] However, because petitioner has presented a mixed petition and a stay and abeyance is inappropriate, the Court will permit petitioner to delete the unexhausted claims and to proceed with solely with the exhausted claims should he wish to pursue that route. *Cf. Rhines*, 544 U.S. at 278.

---

[6] That petition also states that "[o]n January 6, 2012, petitioner filed a post-conviction motion (writ of error coram nobis) with the state appellate court, *thus stopping the clock until such time as the post-conviction motions are decided*." (Pet. at 17 (emphasis added).) "Just as *pro se* petitioners have managed to use the federal habeas machinery, so too should they be able to master th[e] straightforward exhaustion requirement." *Lundy*, 455 U.S. at 520. Given petitioner's clear understanding of the tolling provisions of 28 U.S.C. § 2244(d)(2), the Court finds it unlikely that petitioner was ignorant of the requirement that he first exhaust his claims in state court.

[7] The Court notes that any prejudice to petitioner concerning claims that may eventually arise from the investigation by the Deskovic Foundation is mitigated by the fact that such claims might be permitted on a second and successive petition if they meet the requirements of 28 U.S.C. § 2244(b)(2).

**CONCLUSION**

For the foregoing reasons, petitioner's motions for appointment of counsel and for a stay and abeyance (Doc. Nos. 8, 14, 17) are DENIED. Petitioner is granted leave to amend his petition to delete all unexhausted claims and to proceed only with the exhausted claims. Any such amendment must be made within thirty (30) days, on or before April 10, 2013.

The Clerk of the Court is directed to mail a copy of this order to petitioner *pro se*.

SO ORDERED.

Dated: Brooklyn, New York
   March 12, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge